THE ATTORNEY GENERAL
OF TEXAS



WILL WILSON
ATTORNEY GENERAL

November 8, 1957

Hon. William A. Harrison          Opinion No. WW-297
Commissioner of Insurance
State Board of Insurance          Re:  Licensing of Credit Life
International Life Building             Insurance Agents.
Austin, Texas

Dear Sir:

We quote from your opinion request as follows:

"Article 3.53 of the Texas Insurance Code is the credit life, health and accident insurance statute pertaining to individual or personal insurance in which the insured is a borrower of money. Article 3.50 is the statute pertaining to group insurance, and Section 1, paragraph (4) of the statute authorizes group credit insurance to be written upon a number of persons who are debtors, and the creditor is deemed the policyholder.

"Article 21.07-1 is the licensing law for legal reserve life insurance company agents. This statute exempts from its operation 'an agent selling credit life, health and accident insurance issued exclusively in connection with commercial loans'. Article 21.07 is the statute which licenses agents for other types of operations than those contemplated under Article 21.07-1. As credit life insurance agents are exempt from the provisions of 21.07-1, it has been the practice of the State Board of Insurance to use the provisions of Article 21.07 to license a credit life insurance agent who was selling credit insurance under the provisions of Article 3.53.

"We respectfully request your opinion as to whether a person selling group credit insurance under the provisions of Article 3.50, Section 1(4) is exempt from Article 21.07-1; and if so, must such a person be licensed under the provisions of Article 21.07?"

Article 3.50, Section 1(4) provides for group life insurance in the form of a policy issued to a creditor, who

shall be deemed a policyholder, to insure debtors of the creditor, subject to the following requirements:

"(a) The debtors eligible for insurance under the policy shall all be members of a group of persons numbering not less than fifty (50) at all times, who became borrowers from one financial institution, or who became purchasers of . . . property from one vendor under agreement to repay the sum borrowed or to pay the balance of the . . . property, purchased to the extent of their respective indebtedness to said financial institution or vendor . . .

"(b) The premium for the policy shall be paid by the policyholder, either from the creditor's funds or from charges collected from the insured debtors, or both."

If no part of the premium for the insurance is paid by the debtor or from his funds, the creditor or the employee or agent of the creditor would not be considered an insurance agent and would not need a license. However, if any part of the premium is paid by the debtor, such creditor or his agent would be considered an insurance agent. See Articles 21.02 and 21.07-1 of the Insurance Code; Aetna Life Insurance Company v. Tipps, 132 Tex. 213, 121 S.W.2d 324 (1938); General American Life Insurance Company v. Gant, 119 S.W.2d 693 (Civ.App. 1938, error dism.).

It will be noticed that paragraph (a) quoted above allows group insurance in connection with sales transactions as well as with loans. As a result, the exemption found in Article 21.07-1 would not apply in all cases to sellers of group credit insurance, since it applies only to that insurance issued exclusively in connection with loans. If the agent sells the insurance in connection with a sales transaction, he would not be exempt and would have to be licensed under the provisions of Article 21.07-1. However, if the only insurance sold was with loans, the agent would be exempt. In such a case he should be licensed under Article 21.07. Such a license must be restricted to the selling of group life insurance only in connection with loans.

## SUMMARY

A person selling group credit life insurance in connection with transactions other than loans is not exempt from Article 21.07-1.

> One selling group credit life insurance
> exclusively in connection with loans is
> exempt from Article 21.07-1, but must
> be licensed under the provisions of
> Article 21.07.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Frank W. Elliott, Jr.
Frank W. Elliott, Jr.
Assistant

FWE:pc

APPROVED:

OPINION COMMITTEE:

George P. Blackburn, Chairman
L. P. Lollar
Richard B. Stone
J. Arthur Sandlin
Wallace P. Finfrock

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    J. N. Ludlum